UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUKE FISHER,

       Petitioner,

v.                        Case No: 2:16-cv-157-FtM-99MRM

FLORIDA ATTORNEY GENERAL and
SECRETARY, DOC,

       Respondents.[1]
_____

## OPINION AND ORDER

This matter comes before the Court on a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Luke Fisher ("Petitioner" or "Fisher"), a prisoner of the Florida Department of Corrections (Doc. 1, filed February 25, 2016). Fisher, proceeding pro se, attacks the convictions and sentences entered against him by the Twentieth Judicial Circuit Court in Charlotte County, Florida for trafficking in cocaine, possession of methamphetamine, possession of oxycodone, possession of MDMA, driving with a suspended license, carrying a concealed firearm, and possession of drug paraphernalia. Id. Respondent filed a

_____

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004) (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

response to the petition (Doc. 10). Fisher filed a reply (Doc. 13), and the matter is now ripe for review.

Upon due consideration of the pleadings and the state court record, the Court concludes that each claim must be dismissed or denied. Because the petition is resolved on the record, an evidentiary hearing is not warranted. *See* <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## I. Background[2]

On April 8, 2008, the State of Florida charged Fisher by amended information with ten separate counts: possession of cocaine, in violation of Florida Statute § 893.13(6)(a) (count one); possession of a controlled substance with intent to sell or deliver, in violation of Florida Statute § 893.13(1)(1) (count two); trafficking in cocaine, in violation of Florida Statute § 893.135(1)(b)(count three); three counts of possession of a controlled substance, in violation of Florida Statute § 893.13(6)(a) (counts four through six); unlawful fleeing from a law enforcement officer, in violation of Florida Statute §

---

[2] Citations to exhibits and appendices are to those filed by Respondent on August 3, 2016 (Doc. 12). Citations to Petitioner's sentencing hearing, located in Exhibit 24, will be cited as (S at __). Citations to Petitioner's post-conviction evidentiary hearing, located in Exhibit 23, will be cited as (EH at __).

316.1935(3)(a) (count seven); driving with a suspended license; in violation of Florida Statute § 322.34(5) (count eight); carrying a concealed firearm, in violation of Florida Statute § 790.01(2) (count nine); and possession of paraphernalia, in violation of Florida Statute § 893.147 (count ten) (Vol. 1 at 14).

Fisher faced up to ninety years in prison if convicted on all counts, but entered into a negotiated plea agreement in which he agreed to plead no contest to some of the counts in exchange for a prosecutor recommendation of forty-eight months in prison, followed by two years of supervised release (Vol. 1 at 62-63). At Fisher's November 4, 2008 plea colloquy, the trial court agreed to forego taking Fisher into immediate custody. Id. at 128. However, the court warned Fisher of the ramifications of violating the law during his furlough:

> Here's the way I do that. Before I go through a plea colloquy with you, Mr. Fisher, I'll go along with what's been negotiated, but I will not impose sentence today. What I do rather than impose the sentence and give you a date to report, I defer sentencing, and I'll be really upfront and honest with you. I'm always upfront and honest, but I'm going to be really blunt. The reason why I do that is because if you pick up any new charges between now and your sentencing date, or if you fail to appear for sentencing, your plea would stand, but not the agreed upon sentence. Which means that I can give you a total of 10, 40, 50, 55 years in state prison. So it's an incentive for you not to break the law while you're pending sentencing.

_Id._ at 128-29. Fisher affirmed his understanding of the warning, and the trial court proceeded with the colloquy. _Id._ at 131-34. The court found Fisher competent to tender the plea, and it was accepted. _Id._ at 34. Sentencing was set for three weeks later. _Id._

Between his plea colloquy and his December 5, 2008 sentencing, Fisher was arrested for other drug-related crimes (S at 3). At defense counsel's ("Counsel's") request, an evidentiary hearing was held to establish whether Fisher had violated the terms of his furlough. _Id._ at 5. Brad Combs, a detective with the Charlotte County Sheriff's Office, testified at the hearing. _Id._ at 8. Combs testified that Fisher sold Roxycodone pills to a confidential informant and undercover detective on November 6, 2008 and November 21, 2008. _Id._ at 8-10. A search warrant was executed at Fisher's residence where 620 Oxycodone pills, 17 grams of methamphetamine, and one gram of crack cocaine were located. _Id._ at 11. Fisher was apprehended, and he was found to be carrying a substantial amount of cash and a key to a bank deposit box. _Id._ The box was found to contain 1003 Roxycodone pills and $15,000 in cash. _Id._ On cross-examination, Combs admitted that he was not physically present at the November 6, 2008 drug buy; rather, he listened to the transaction on a listening device in order to monitor the situation. _Id._ at 12. However, Combs clarified that he saw the search warrant executed and he saw the drugs in Fisher's house.

<u>Id.</u> at 22.  He also saw the search warrant executed on the bank deposit box and saw the money and drugs contained therein.  <u>Id.</u>

The trial court found that competent and substantial evidence showing that Fisher violated the plea agreement by committing additional crimes while on furlough (S. at 32).  Fisher was sentenced to twenty years in prison on count three; concurrent five-year terms on counts four, five, six, eight, and nine; and to time served on count ten.  <u>Id.</u> at 33-34.

In his brief on direct appeal, Fisher argued that the trial court committed reversible error when it relied on hearsay evidence to void Fisher's sentencing agreement (Ex. 2).  Instead of considering the merits of Fisher's claims, Florida's Second District Court of Appeal determined that Fisher had not preserved the claim for appellate review:

> Fisher argues the trial court violated the terms of the plea agreement by relying on insufficient evidence to determine that he committed a new law violation and thereafter imposing a sentence greater than the sentence approved under the plea agreement. In support of his argument, Fisher relies on the evidentiary requirements set forth in <u>Neeld</u> [<u>v. State</u>, 977 So. 2d 740, 745 (Fla. 2d DCA 2008)]. But in <u>Neeld</u>, this court, prior to addressing the merits of his appeal, noted <u>Neeld</u> had filed a motion to withdraw plea. 977 So.2d at 741. In contrast, for reasons that are unclear in our record on appeal, Fisher did not file a motion to withdraw his plea. Therefore, Fisher's contentions were not preserved under rule 9.140(b)(2)(A)(ii)(b), and we find his arguments concerning the sufficiency of the evidence relied upon by the

> trial court to be beyond our scope of
> appellate review. Accordingly, we affirm
> Fisher's judgments and sentences without
> prejudice to any right he may have to file a
> motion for postconviction relief.

(Ex. 5); Fisher v. State, 35 So. 3d 2010 (Fla. 3d DCA 2010).

Thereafter, Fisher filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") in which he argued that Counsel had been constitutionally ineffective for not preserving his sentencing claim for appellate review by filing a motion to withdraw his plea (Ex. 8). Fisher also filed an amended Rule 3.850 motion (Ex. 9). The motions were struck by the post-conviction court on the ground that Fisher had not alleged prejudice from Counsel's failure to file a motion to withdraw plea—in other words, the post-conviction court noted that Fisher had not demonstrated that the state could not have presented "non-hearsay evidence demonstrating new law offenses between [Fisher's] plea and sentencing." (Ex. 10 at 3).

On March 20, 2012, Fisher filed another Rule 3.850 motion in which he raised three claims of ineffective assistance of counsel (Ex. 11). Two of the claims were denied on the merits, and an evidentiary hearing was ordered on Fisher's claim that Counsel had failed to advise him of a viable defense (Ex. 14). After holding an evidentiary hearing (Ex. 23), the remaining claim was also denied (Ex. 15). Florida's Second District Court of Appeal

affirmed without a written opinion (Ex. 21); <u>Fisher v. State</u>, 185 So. 3d 1242 (Fla. 2d DCA 2016).

## II.  Legal Standards

### a.  The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet.  <u>White v. Woodall</u>, 134 S. Ct. 1697, 1702 (2014).  Notably, a state court's violation of <u>state</u> law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Wilson v. Corcoran</u>, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the _dicta_, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. <u>White</u>, 134 S. Ct. at 1702; <u>Carey v. Musladin</u>, 549 U.S. 70, 74 (2006) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000)).  That said, the Supreme Court has also explained that

"the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." Marshall v. Rodgers, 133 S. Ct. 1446, 1449 (2013) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case." White, 134 S. Ct. at 1706 (quoting Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v.

<u>Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." <u>Bottoson</u>, 234 F.3d at 531 (quoting <u>Williams</u>, 529 U.S. at 406). The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>White</u>, 134 S. Ct. at 1702 (quoting <u>Harrington v. Richter</u>, 562 U.S. 86 (2011)). Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." <u>Knowles</u>, 556 U.S. at 122.

Notably, even when the opinion of a lower state post-conviction court contains flawed reasoning, the federal court must give the <u>last</u> state court to adjudicate the prisoner's claim on the merits "the benefit of the doubt." <u>Wilson v. Warden, Ga.</u> <u>Diagnostic Prison</u>, 834 F.3d 1227, 1235 (11th Cir. 2016), <u>cert.</u> <u>granted</u> <u>Wilson v. Sellers</u>, 137 S. Ct. 1203 (Feb. 27, 2017). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008). Therefore, to determine which theories could

have supported the state appellate court's decision, the federal habeas court may look to a state post-conviction court's previous opinion as one example of a reasonable application of law or determination of fact; however, the federal court is not limited to assessing the reasoning of the lower court. Wilson, 834 F.3d at 1239.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) ("a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding") (dictum); Burt v. Titlow, 134 S. Ct. 10, 15-16 (2013) (same).

### b.    Ineffective Assistance of Counsel

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the

deficient performance prejudiced the defense. Id. This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. Burt, 134 S. Ct. at 13 (citing Cullen v. Pinholster, 563 U.S. 170 (2011)).

The focus of inquiry under Strickland's performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688-89. In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).

As to the prejudice prong of the Strickland standard, Petitioner's burden to demonstrate prejudice is high. Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In the context of a guilty

plea, the Court must focus on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### c. Exhaustion and Procedural Default

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" Duncan v. Henry, 513 U.S. 364, 365 (1995) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. Snowden v. Singletary, 135 F.3d 732 (11th Cir. 1998).

In addition, a federal habeas court is precluded from considering claims that are not exhausted and would clearly be barred if returned to state court. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state

remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. Coleman, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

A petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1179–80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999); Murray v. Carrier, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the

outcome of the proceeding would have been different. <u>Crawford v. Head</u>, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" <u>Murray v. Carrier</u>, 477 U.S. 478, 479-80 (1986). Actual innocence means factual innocence, not legal insufficiency. <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995). "To be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998) (quoting <u>Schlup</u>, 513 U.S. at 324).

### III. Analysis

Fisher raises six claims in his petition. He asserts that: (1) the trial court erred by imposing a greater sentence than agreed to in his plea agreement; (2)-(4) Counsel was ineffective for failing to file a post-sentencing motion to withdraw his plea; (5) Counsel was ineffective for failing to move to dismiss the drug and firearms charges; and (6) Counsel failed to advise him of viable defenses to the charges. Each claim will be addressed separately.

### a. Claim One

Fisher asserts that the trial court erred by imposing a greater sentence than originally contemplated in his plea agreement (Doc. 1 at 3). The original plea agreement called for a forty-eight month sentence, but after the sentencing court concluded that Fisher had committed additional crimes during his three-week furlough, he was sentenced to twenty years in prison. See discussion supra Part I. Fisher now urges that insufficient proof was presented at the sentencing hearing to justify a determination that he had violated the plea agreement. Id. Fisher raised this claim on direct appeal, but the appellate court refused to consider it because Fisher had not filed a motion to withdraw his plea under Rule 9.140(b)(2)(A)(ii)(b) of the Florida Rules of Appellate Procedure before appealing the issue.[3] See discussion supra Part I Background.

Respondent urges that Claim One is procedurally defaulted on habeas review because it was not properly raised in the state courts (Doc. 10 at 9). Indeed, a federal court may not review a federal claim denied by the state court on an adequate and independent state procedural rule. Davilla v. Davis, 137 S. Ct. 2058, 2064 (2017). For a claim to be procedurally barred, the

---

[3] This rule provides that a defendant who pleads guilty or nolo contendere may appeal a violation of the plea agreement only "if preserved by a motion to withdraw plea." Fla. R. App. P. 9.140(b)(2)(A)(ii)(b).

procedural rule relied on by the state court must serve as an independent state law ground for denying relief, and may not be intertwined with an interpretation of federal law. <u>Card v. Duggar</u>, 911 F.2d 1494, 1516 (11th Cir. 1990) (citations omitted). State rules are "adequate" if they are "timely established and regularly followed." <u>Johnson v. Lee</u>, 136 S. Ct. 1802, 1804 (2016) (quoting <u>Walker v. Martin</u>, 562 U.S. 307, 316 (2011) (internal quotation mark omitted)). These requirements are met here. The state court's rejection of Fisher's appeal was based upon an independent and adequate state ground of procedural bar that is regularly followed. <u>See</u> <u>Ross v. State</u>, 848 So. 2d 392 (Fla. 2d DCA 2003) (Ross' argument that the trial court violated his plea agreement could not be considered by appellate court because he had not filed a motion to withdraw his plea in the trial court); <u>Patterson v. State</u>, 188 So. 3d 913 (Fla. 5th DCA 2016) (Patterson's argument that the state had not prevented competent evidence showing his failure to comply with his plea agreement was not properly preserved for appeal because Patterson had not filed a motion to withdraw his plea); <u>Rackley v. State</u>, 755 So. 2d 833, 834 (Fla. 5th DCA 2000) ("A defendant in a criminal case who has entered a plea of guilty or nolo contendere pursuant to a plea agreement may not file a direct appeal alleging violation of that agreement unless the violation was preserved for review by a motion to withdraw the plea.").

Fisher does not recognize the default of this claim, arguing instead that it _was_ properly preserved and exhausted in state court (Doc. 13 at 2). Notwithstanding this assertion, in Claims Two, Three, and Four of the instant petition, Fisher argues that no motion to withdraw his plea was filed due to the ineffective assistance of counsel. The Court will construe Fisher's conflicting arguments as an attempt to blame Counsel for the procedural default. While ineffective assistance of counsel can constitute cause for a procedural default, the exhaustion doctrine requires that an ineffective assistance claim first be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceedings. <u>Murray v. Carrier</u>, 477 U.S 478, 489 (1986). Fisher raised his ineffective assistance claims in his Rule 3.850 motion, where they were rejected by the state courts — rejections found to be reasonable by this Court. <u>See</u> discussion, <u>infra</u>, Claims Two, Three, and Four. Accordingly, ineffective assistance of counsel cannot provide cause for Fisher's default of Claim One. Nor has Fisher presented new evidence to show the applicability of the actual innocence exception to the procedural bar. Claim One is dismissed as procedurally barred under 28 U.S.C. § 2254(b)(2).

### b. Claims Two, Three, and Four

In Claims Two, Three, and Four of his petition, Fisher asserts that Counsel was constitutionally ineffective for failing to file

a motion to withdraw his plea after he was sentenced to a term of prison greater than anticipated by the plea agreement (Doc. 1 at 4-13).[4] He asserts that Counsel should have argued in a motion to withdraw his plea that "[t]he hearsay evidence presented at Fisher's sentencing hearing was insufficient to support a deviation from the agreed upon sentence that was contemplated in the original plea agreement." Id. at 13.

Fisher raised this ineffective assistance claim in his third amended Rule 3.850 motion, and it was dismissed by the post-conviction court on the ground that a motion to withdraw Fisher's plea would have been futile since he had not offered evidence showing that he had *not* violated the conditions of his release (Ex. 14). The post-conviction court explained:

> [T]o prevail on a motion to withdraw plea after sentencing, filed pursuant to Florida Rule of Criminal Procedure 3.170(1), a defendant "must demonstrate a manifest injustice requiring correction." Partlow v. State, 840 So. 2d 1040, 1042 (Fla. 2003); see also Campbell v. State, 75 So. 3d 757 (Fla. 2d DCA 2011)(defendant is not entitled to withdraw plea after sentencing absent a showing of manifest injustice or clear prejudice). Such motions are limited to the

---

[4] Fisher raised this issue as three separate claims in order to posit three different reasons his constitutional rights were violated by Counsel's failure. However, each claim requires Fisher to satisfy both prongs of Strickland. Therefore, this Court will treat these claims as raising the single issue of whether *any* reasonable competent counsel would have decided against moving to withdraw Fisher's plea and whether he suffered prejudice from Counsel's failure to do so.

grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e).

As pointed out by the State, it is not enough to say that the outcome of the appeal would have been different. Strobridge v. State, 1 So. 3d 1240, 1242 (Fla. 4th DCA 2009). Instead, the Defendant bears the burden in Ground One of identifying how counsel's acts or omissions deprived him of an opportunity to demonstrate that a manifest injustice warranted the withdrawal of his plea.

The Court previously concluded that, to demonstrate a manifest injustice under the circumstances described above, the Defendant maintained the burden of proving that he did not violate the conditions of his release by committing new law offenses between his plea and sentencing hearings. Put another way, for purposes of the instant motion, it is essential for Defendant to plead and prove that the State could not overcome a motion to withdraw plea by presenting non-hearsay evidence demonstrating that Defendant in fact committed new law offenses between his plea and sentencing in this case.

Ultimately, similar to Defendant's prior motions, Ground One of the instant motion is devoid of any allegation that the State could not overcome a Rule 3.170(1) claim of manifest injustice by presenting non-hearsay evidence demonstrating new law offenses between Defendant's plea and sentencing. As such, the Court finds Defendant's Ground One claim of ineffective assistance of counsel facially insufficient for a failure to properly allege prejudice.

(Ex. 14 at 3-4) (citations to the record and to footnotes omitted).

Fisher appealed the post-conviction court's rejection of this ineffective assistance claim, and Florida's Second District Court of Appeal affirmed without a written opinion (Ex. 21); Fisher v.

_State_, 185 So. 3d 1242 (Fla. 2d DCA 2016).  The post-conviction court's reasoning could have supported the state appellate court's silent affirmance of this claim.  _Wilson_, 834 F.3d at 1235.

Rule 3.170(l) of the Florida Rules of Criminal Procedure permits a defendant to file a motion to withdraw a guilty plea after sentencing on the grounds that an agreement was violated or was involuntary.  _See_ Fla. R. App. P. 9.140(b)(1)(A)(ii); _Griffin v. State_, 899 So. 2d 514, 515 (Fla. 2d DCA 2005).  However, if Fisher had breached the plea agreement by violating the terms of his temporary release, he would not be entitled to withdraw his plea. _Sanders v. State_, 567 So. 2d 539 (1990).

Fisher does not dispute that the terms of his temporary release required him to refrain from unlawful activity between his colloquy and his sentencing.  Nor does he dispute that he was arrested on several drug charges during this interim.  In fact, Fisher does not even allege that he did _not_ violate the agreement to refrain from criminal activity.  Rather, Fisher asserts that the trial court made the determination of unlawful activity based solely upon hearsay testimony from Officer Brad Combs.  Fisher urges that, while hearsay evidence was admissible to demonstrate proof of a plea violation, "[t]he hearsay evidence must be supported by non-hearsay evidence." (Doc. 1 at 13).  This argument cannot support Fisher's ineffective assistance claim for two reasons.

First, to establish that Fisher violated his plea agreement, the State needed only to present evidence establishing the breach by a preponderance of the evidence. Neeld v. State, 977 So. 2d 740 (Fla. 2d DCA 2008). To meet this burden, the State was entitled to rely upon hearsay testimony, although hearsay alone is insufficient to sustain a revocation of probation. See Smith-Curles v. State, 24 So.3d 702, 702-03 (Fla. 1st DCA 2009). The non-hearsay evidence, "need only support the hearsay evidence," not independently establish the violation. Russell v. State, 982 So.2d 642, 646 (Fla. 2008); Kalmbach v. State, 988 So.2d 1279, 1280 (Fla. 5th DCA 2008).

Contrary to Fisher's contention otherwise, reasonable competent counsel could have concluded that the evidence presented at Fisher's sentencing hearing was not solely comprised of hearsay testimony. Although Detective Combs was not physically present when Fisher sold drugs to a confidential informant, the informant was wired, and Detective Combs listened to and monitored the transactions through a listening device. See Raucho v. State, 915 So. 2d 278 (Fla. 4th DCA 2005) (officer's testimony about what he heard while monitoring a controlled drug buy on a listening device was not hearsay because he personally heard it). Even if Detective Comb's testimony about the controlled purchases was hearsay, it was, nevertheless, admissible because it was supported by ample non-hearsay evidence. After Fisher left his residence, Detective

Combs followed him.  When the detective made contact with Fisher, he was found with a large amount of money and a key to a bank deposit box.  The bank deposit box contained more money and drugs. Detective Combs personally saw the drugs in Fisher's deposit box. Detective Combs also observed drugs "everywhere" in Fisher's house.  Since Detective Comb's alleged hearsay testimony was coupled with his eyewitness testimony concerning the search of Fisher's person, his home, and the lock box, Counsel had no grounds on which to argue that only hearsay testimony supported the sentencing court's finding that Fisher had committed additional crimes during his furlough.

Next, and more importantly, to support a motion to withdraw a plea after sentencing, the defendant must demonstrate a manifest injustice. State v. Partlow, 840 So. 2d 1040, 1042 (Fla. 2003). Even had Counsel filed a motion to withdraw Fisher's plea, Fisher would have needed to prove that he did not violate the plea agreement. Powell v. State, 929 So. 2d 54, 55 (Fla. 5th DCA 2006) ("This is a more stringent standard than a motion to withdraw a plea filed before sentencing; the burden falls on the defendant to prove that withdrawal is necessary to correct the manifest injustice.").  Given the overwhelming evidence showing that Fisher sold drugs to a confidential informant only two days after his guilty plea — a crime to which Fisher eventually pleaded guilty and received a fifteen year prison sentence — reasonable competent

counsel could have concluded that Fisher could not make this showing.[5]  Counsel is not ineffective for failing to make a meritless or futile motion.  See Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues that clearly lack merit).  Claims Two through Four fail to satisfy the first prong of Strickland, and are denied pursuant to 28 U.S.C. § 2254(d).

### c.  Claim Five

Fisher urges that Counsel was ineffective for failing to move to dismiss the firearm and drug charges alleging possession (Doc. 1 at 14-15).  He asserts that the drugs were recovered from inside the barbecue grill of a home owned by his friend, Mr. Caputo, and that the gun was also recovered inside a vehicle owned by Mr. Caputo (Doc. 1 at 14-15).  He asserts that there was no DNA or fingerprints found on the gun or the drugs.  Id. at 15.

---

[5] The Court takes judicial notice of the website for the Charlotte County Clerk of Court.  http://www.co.charlotte.fl.us A search of the website shows that on September 3, 2009, Petitioner was adjudicated guilty of in case number 0802043CF on two counts of trafficking in fourteen grams or more of morphine and opium, two counts of selling, manufacturing, delivering, or possessing a controlled substance, and four counts of possession of a controlled substance without a prescription.  These crimes occurred on November 6, 2008, November 21, 2008, and November 22, 2008; dates which fall squarely between Petitioner's November 4, 2008 colloquy and his December 5, 2008 sentencing.

Fisher raised this claim in his Rule 3.850 motion, and the post-conviction court rejected it on the ground that a motion to dismiss would have been futile:

> To the extent [this ground] relates to the performance of counsel, the Court finds that Defendant has failed to demonstrate any likelihood that trial counsel would have succeeded in challenging the sufficiency of State's evidence via a motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4).[6] As noted in State v. Cadore, the question of whether a defendant has "dominion and control" over contraband is generally a fact issue for the jury. 59 So. 3d 1200, 1203 (Fla. 2d DCA 2011) (citing Isaac v. State, 730 So. 2d 757, 758 (Fla. 2d DCA 1999)). The issue of "knowledge" as an element of constructive possession is an ultimate question which a jury must decide on factual inferences. State v. St. Jean, 658 So. 2d 1056, 1057 (Fla. 5th DCA 1995). "In considering a (c)(4) motion the trial judge may not try or determine factual issues nor consider the weight of conflicting evidence or the credibility of witnesses[.]" State v. Lewis, 463 So. 2d 561, 563 (Fla. 2d DCA 1985).
>
> In his reply, Defendant concedes (at least with respect to the firearm) that the issue of possession is more appropriately considered by a trier of fact, which presupposes a trial that he avoided by entering a plea in this case. Ultimately, trial counsel cannot be deemed ineffective for failing to prevail on a meritless issue. Teffeteller v. Dugger, 734 So. 2d 1009, 1020 (Fla. 1999). As such, Defendant cannot demonstrate either deficient performance or prejudice as a result of

---

6 This rule allows a defendant to move to dismiss the indictment or information before arraignment on the ground that "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.").

> counsel's failure to file a Rule 3.190(c)(4)
> motion

(Ex. 14 at 5).  Florida's Second District Court of Appeal affirmed without a written opinion (Ex. 21).  The post-conviction court's reasoning could have supported the state appellate court's silent affirmance of this claim.  <u>Wilson</u>, 834 F.3d at 1235.

According to the probable cause affidavit describing Fisher's March 23, 2008 arrest, Fisher fled when law enforcement attempted to initiate a traffic stop.  He was followed to the rear patio of a residence.  When law enforcement caught up to Fisher, they found a large amount of cash in his pockets, narcotics in a grill on the patio, and a pistol in the vehicle he was driving (Ex. 24 at 3-4).  At his evidentiary hearing, Counsel testified that the lanai on which the drugs were found was very small, and Fisher was close by.  Fisher was also the only person in the car with the gun (SH at 47, 95).  Under these facts, Florida law is clear that Counsel could not have challenged Fisher's possession of the drugs or gun on a pre-trial motion to dismiss.

In <u>State v. Cadore</u>, 59 So. 3d 1200 (Fla. 2d DCA 2011), just as in the instant case, the defendant urged that drugs and a gun found within her residence (but not within her immediate possession or control) were not hers, and sought dismissal of her case on the grounds that the undisputed facts failed to show that she had dominion and control over the drugs or gun in the residence.  The

Second District Court of Appeal rejected Cadore's argument, holding instead that the issue of constructive possession cannot be determined in a Rule 3.190(c)(4) motion to dismiss "when the State's case is comprised entirely of circumstantial evidence which requires a determination of factual issues." Id. at 1203 (citing Isaac v. State, 730 So.2d 757, 758 (Fla. 2d DCA 1999) (noting that whether a defendant had "dominion and control" over contraband is generally a fact issue for the jury); State v. St. Jean, 658 So.2d 1056, 1057 (Fla. 5th DCA 1995) (the issue of "knowledge" as an element of constructive possession is an ultimate question which a jury must decide on factual inferences)).

Given that the trial court would not have been allowed to determine factual issues or consider the weight of the evidence in a pre-trial motion to dismiss, reasonable competent counsel could have decided against filing a motion to dismiss based on Fisher's possession of the drugs or gun. See State v. Burrell, 819 So. 2d 181, 182 (Fla. 2d DCA 2002) ("[A] defendant may not be convicted solely upon circumstantial evidence unless the evidence is inconsistent with the defendant's reasonable hypothesis of innocence. This does not mean, however, that the evidence cannot establish a prima facie case sufficient to withstand a motion to dismiss.").

The state post-conviction court reasonably concluded that Claim Six fails to satisfy _Strickland_'s performance prong, and the claim is denied under 28 U.S.C. § 2254(d).

### d.   Claim Six

Fisher asserts that Counsel failed to inform him of a viable defense to his drug and firearm charges (Doc. 1 at 16). Specifically, he claims that Counsel "wholly failed to inform Fisher that there was a viable defense to the narcotic charges and the carrying a concealed firearm charge" because "the State would have been unable to prove that Fisher had knowledge of the presence of narcotics found hidden inside an outdoor barbeque grill and a firearm found inside the vehicle belonging to Mr. Caputo." _Id._

Fisher raised this claim in his Rule 3.850 motion, and an evidentiary hearing was held. Specifically finding the testimony of defense counsel to be more credible than that of Fisher, the post-conviction court concluded that Fisher had not demonstrated deficient performance:

> [T]rial counsel did discuss the possible defense of the drug and gun charges with [Fisher] and that [Fisher] made the decision to accept the State's offer based on the maximum possible penalty faced on all charges and even the maximum possible sentence on the fleeing to elude and driving while license suspended charges alone.

(Ex. 15 at 5). The post-conviction further found that Fisher could not show prejudice because "considering the totality of the

circumstances surrounding the plea, [Fisher] would not have insisted on going to trial had counsel discussed the possible defense." Id. Florida's Second District Court of Appeal affirmed without a written opinion (Ex. 21). The post-conviction court's reasoning could have supported the state appellate court's silent affirmance of this claim. Wilson, 834 F.3d at 1235.

At the evidentiary hearing, Fisher testified that no defenses were discussed with Counsel prior to the entry of his plea (EH at 11). However, when questioned by the state, defense attorney Christopher O'Keefe testified that he explained the difficulty with a constructive possession charge to Fisher prior to trial:

> Q.    Did you discuss with Mr. Fisher whether
>       or not the State would be able to prove
>       that he that he possessed those drugs
>       that were found in the grill?
>
> A.    Well, yes.   We talked that it's a
>       constructive possession case, that the
>       drugs weren't found on him, but they were
>       found in very close proximity.    Mr.
>       Fisher, I believe, the – I believe the
>       officer testified at depositions that he
>       was about four or five feet away from the
>       barbecue grill when he was apprehended.
>       So we talked about it being a
>       constructive possession case as opposed
>       to an actual possession case.
>
> Q.    What else did you tell him about that
>       particular charge and the State's
>       evidence?
>
> A.    Well, we told him that although it being
>       a constructive possession case, there's
>       a substantial amount of circumstantial

evidence against him. The totality of the evidence was great.

First, there was a fleeing and eluding charge that lasted several miles. Then upon the vehicle coming to a stop, the stop occurred in front of his friend's house. Mr. Fisher, according to the police officer's version of the events, immediately exited the vehicle and took off running. The police officers exited their – exec – they left their vehicles and started pursuing Mr. Fisher behind the home. One officer made entry through the home, the front door itself, and that he was caught there – quickly after exiting the vehicle. We told him that the totality might be hard to sell it as a constructive possession case.

Q.  When you say hard to sell, are you referring to were you to go to trial and present it to a jury?

A.  Correct.

Id. at 40-41. O'Keefe further testified that Fisher agreed that there was a lot of circumstantial evidence against him and that a jury could possibly find him guilty if he went to trial. Id. at 42.

Co-defense counsel Michael Raheb testified that the defense strategy was to file a lengthy motion to suppress in an attempt to get a better plea offer from the state (EH at 81). He asserted that Fisher agreed with the strategy, and when asked whether Counsel had explained the state's evidence against him, Raheb replied:

It's – from the very first time he came in, we explained to him, look, they still have to show the drugs are yours. The problem is if you do take the stand, then obviously they get to ask you who does the drugs belong to. So if we're playing devil's advocate and you said it wasn't yours, they could believe you or they could disbelieve you. The problem with that is if we went to trial, the jury would hear uncontroverted evidence that he was driving, which was a felony, that he was fleeing, and they they'd hear that he was running away from the gun. So even if he were to now say I was running away, he would have to explain that to a jury. Now they may find him not guilty, but there's no automatic you win. In other words, that would have been a question for the jury; and given the other facts we talked about, the fleeing, the running, the jumping over the fence, and the location of the drugs, there's a high probability the jury might say, well, it's yours. Bur even if they didn't think it's his, he understood that he was facing twenty years from the point that he ran from the car, notwithstanding the gun or the drugs.

Id. at 84. Raheb further stated that he would not have felt comfortable going to trial "when [Fisher is] driving the car, has the gun and is found near the drugs and he never once told me it wasn't his drugs. He never told the investigator it wasn't his drugs. Why would I even suggest for a moment to go to trial?" Id. at 95.

The post-conviction court's determination that O'Keefe and Raheb were more credible than Fisher and had actually explained the possible defenses to him are factual determinations that Fisher must rebut by clear and convincing evidence before he is entitled

to relief on this claim.  See Freund v. Butterworth, 165 F.3d 839, 862 (11th Cir. 1999) (questions of credibility and demeanor of a witness is a question of fact); 28 U.S.C. § 2254(e)(1)(a determination of a factual issue made by a State court shall be presumed correct unless rebutted by clear and convincing evidence); Gore v. Sec'y, Dep't of Corr., 492 F.3d 1273, 1300 (11th Cir. 2007) (recognizing that while a reviewing court also gives a certain amount of deference to credibility determinations, that deference is heightened on habeas review).  Fisher has offered nothing to rebut the state court's factual finding that Counsel informed him of the available defenses at trial.  Accordingly, Fisher fails to show Counsel's deficient performance.

Moreover, Fisher cannot demonstrate prejudice under Hill v. Lockhart because he has not shown that, but for Counsel's failure to explain his available defenses, he would have insisted on going to trial (and risked a ninety-year sentence) instead of entering a plea in exchange for a sentence of forty-eight months in prison. At the evidentiary hearing, Fisher admitted that, had he received the forty-eight month sentence originally agreed upon, instead of the twenty-year sentence he received after he breached the agreement, he would not have filed this claim (EH at 22).  In fact, even in his reply, Fisher does not ask that his conviction be set aside so that he can proceed to trial (and risk a ninety-year sentence if convicted); rather, he asks to be re-sentenced to

the forty-eight month sentence agreed upon before he committed additional crimes during his furlough (Doc. 13 at 8). Even if Counsel's performance was deficient, Fisher cannot demonstrate prejudice under Hill, and he is not entitled to relief on Claim Six.

Any of Fisher' allegations not specifically addressed herein have been found to be without merit.

## IV. Certificate of Appealability[7]

Fisher is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Fisher must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that

---

[7] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id. As this Court has determined that Gomez is not entitled to habeas corpus relief, it must now consider whether Gomez is entitled to a certificate of appealability.

"the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 335-36. Fisher has not made the requisite showing in these circumstances.

Because Fisher is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    The Florida Attorney General is **DISMISSED** from this action as a named Respondent.

2.    Claim One of the amended 28 U.S.C. § 2254 petition for habeas corpus relief filed by Luke Fisher (Doc. 1) is dismissed as procedurally barred.   The remaining claims are denied on the merits.

3.    Fisher is **DENIED** a certificate of appealability.

4.    The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___31st___ day of August, 2017.

<br>

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Luke Fisher
Counsel of Record